UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | File No. 19-cr-0061 (ECT/KMM) |
| Plaintiff, | |
| v. | **ORDER ACCEPTING REPORT AND RECOMMENDATION** |
| Alba Haydee Alatorre (1), Edgar Manuel Sierra-Serrano (2), and Dorian Jossier Castillo (3) | |
| Defendants. | |

This matter is before the Court on a Report and Recommendation [ECF No. 93] issued by Magistrate Judge Katherine Menendez, in which she recommends denying the suppression motions filed by each of the Defendants in this methamphetamine-conspiracy case [ECF Nos. 47, 56, 65]. Each Defendant filed objections to the Report and Recommendation, as did the Government. ECF Nos. 95–98. Because objections have been filed, the Court is required to review the Report and Recommendation de novo pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b)(3).

The Court has undertaken that de novo review and has concluded that Magistrate Judge Menendez's analysis and conclusions are correct. With respect to Defendants' objections, the Court has nothing to add to Magistrate Judge Menendez's thorough and nuanced analysis, and their objections will be overruled. The Government's objection requires additional discussion here, though it, too, will be overruled.

Although it prevailed on the merits of the suppression motions, the Government objects to the Report and Recommendation based on the contention that it was at least inefficient, and perhaps procedurally improper, for Magistrate Judge Menendez to assume, without deciding, that all Defendants had standing to challenge the vehicle search. ECF No. 95 at 1–2. Courts in this District frequently assume, without deciding, that a criminal defendant has standing to challenge a search when, as here, a suppression motion can more readily be resolved on its merits. *See, e.g., United States v. James*, No. 18-cr-216 (SRN/HB), 2019 WL 325231, *3 (D. Minn. Jan. 25, 2019) ("The Court agrees with the magistrate judge that, even assuming that Defendant did have a reasonable expectation of privacy and therefore does have standing to bring his challenge, this Court need not resolve that issue as Defendant's Motion to Suppress fails because the search warrants for the cellular tower data are supported by probable cause and sufficiently definite."); *United States v. Johnson*, No. 14-CR-0387 (PJS/FLN), 2015 WL 1746555, at *4 (D. Minn. Apr. 16, 2015) ("Without knowing Defendant's history with the residences, the Court will assume, without deciding, that Defendant maintains standing to challenge the warrants and subsequent searches."). The Eighth Circuit has employed this same approach. *See, e.g., United States v. Marihart*, 472 F.2d 809, 811–12 (8th Cir. 1972) ("[R]egardless of the merits of the argument espoused by the government [that defendants lack standing to contest the search at issue], we prefer to and do assume *arguendo* that the defendants possessed the requisite standing and go directly to the issue of the validity of the search warrant."); *see also United States v. Kaylor*, 877 F.2d 658, 663 (8th Cir. 1989) (assuming without deciding that defendant has standing to raise the district court's denial of his

suppression motion, after the district court ruled that he did but the government did not argue a lack of standing on appeal). The efficiency issues identified by the Government in its objection—the possibility that the Eighth Circuit may wind up addressing standing issues in the event of any appeal in this case, and that the Government would prefer to avoid the expense of calling out-of-state witnesses to testify at pretrial motions hearings in future cases—are no more acute here than in any of the other cases in this District or in the Eighth Circuit where standing is assumed en route to denying a suppression motion (or upholding the denial of a suppression motion) on its merits. Even if standing was ruled on here, such a ruling would not be binding in future cases. For these reasons, Magistrate Judge Menendez appropriately assumed without deciding that Defendants had standing to challenge the searches and resulting seizures at issue in their suppression motions.

Therefore, based upon all of the files, records, and proceedings in the above-captioned matter, **IT IS ORDERED THAT**:

1. All Parties' Objections to the Report and Recommendation [ECF Nos. 95–98] are **OVERRULED**;

2. The Report and Recommendation [ECF No. 93] is **ACCEPTED** in full;

3. Defendant Alba Haydee Alatorre's Motion To Suppress Search And Seizure On February 17, 2019 [ECF No. 56] is **DENIED**;

4. Defendant Edgar Manuel Sierra-Serrano's Motion To Suppress Evidence Obtained As A Result Of Search And Seizure [ECF No. 65] is **DENIED**; and

5.  Defendant Dorian Jossier Castillo's Motion To Suppress Physical Evidence [ECF No. 47] is **DENIED**.

Dated: September 18, 2019

s/ Eric C. Tostrud  
Eric C. Tostrud  
United States District Court