UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| United States of America, | File No. 19-cr-0061(1) (ECT/KMM) |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| Alba Haydee Alatorre, | |
| Defendant. | |

---

Defendant Alba Haydee Alatorre has filed a *pro se* motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 226. In 2019, Alatorre pleaded guilty to a single count of conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. ECF No. 124 at 1. In February 2020, she was sentenced to ninety months imprisonment, followed by two years of supervised release.[1] ECF No. 183 at 1–3. Alatorre is currently in the custody of the Federal Bureau of Prisons at the Federal Detention Center, Honolulu ("Honolulu FDC"). ECF No. 226 at 1. Her projected release date is August 6, 2025. *See* Fed. Bureau of Prisons, *Find an Inmate*, https://www.bop.gov/inmateloc/ (last visited Apr. 12, 2023).

Alatorre now moves for compassionate release or sentence reduction. She points to several bases for her request, including a substantive argument about her original sentencing guideline range, the ongoing COVID-19 pandemic, and her low recidivism

---

[1] Alatorre's compassionate release motion mistakenly states that she has been sentenced to three years of supervised release. ECF No. 226 at 1, 3.

score. ECF No. 226. However, Alatorre has failed to exhaust all administrative rights to appeal as required by 18 U.S.C. § 3582(c)(1)(A), and therefore her motion for compassionate release will be denied without prejudice.

A district court generally "may not modify a term of imprisonment once it has been imposed," except in limited circumstances. 18 U.S.C. § 3582(c). The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A) is one such exception. However, before seeking relief from a district court, a defendant must have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [30 days must have elapsed] from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A).

The present motion does not suggest that Alatorre submitted a request for a sentence reduction or modification with the warden of Honolulu FDC. Alatorre's motion must therefore be denied as premature. *See, e.g.*, *United States v. Romero*, No. 05-CR-368(3) (JRT/FLN), 2022 WL 5250186, at *1 (D. Minn. Oct. 6, 2022); *United States v. Hastings*, No. 11-CR-25 (ECT), 2020 WL 4915829, at *1 (D. Minn. Aug. 21, 2020). Should Alatorre submit a request to Honolulu FDC and exhaust her administrative remedies, she may bring a renewed motion.

In addition to seeking compassionate release, Alatorre includes in her motion a request for a sentence reduction and collateral attacks on her original sentence. Specifically, she contends that her guideline was calculated incorrectly because the Court did not differentiate between "run-of-the-mill methamphetamine" and methamphetamine that is at least 80% pure. ECF No. 226 at 1. She argues that "[t]he sentencing [C]ourt did

not find that the government met its burden of proof in demonstrating that the drugs that [she] pled to had a purity of 80% or more," and therefore her sentence was incorrectly calculated. *Id.*

A motion for compassionate release is not the appropriate procedural vehicle through which to challenge the sentencing judgment in this matter. Instead, Alatorre may collaterally attack her sentence, if at all, through a motion under 28 U.S.C. § 2255. *United States v. Wadena*, No. 16-CR-153 (JRT), 2022 WL 4238260, at *2 (D. Minn. Sept. 14, 2022) ("A post-judgment motion attacking a federal sentence is typically treated as a § 2255 motion no matter the label a defendant applies to the motion." (citing *United States v. Fine*, 982 F.3d 1117, 1118 (8th Cir. 2020))).[2]

---

[2] It would not benefit Alatorre to construe her compassionate-release motion as one brought under 28 U.S.C. § 2255. The argument Alatorre makes to support a sentence reduction seems unpersuasive. She made essentially the same purity arguments at sentencing. In her sentencing position filing, Alatorre noted that "[t]he Government tested the methamphetamine at issue and concluded it was 'pure' for purposes of the Sentencing Guidelines." ECF No. 169 at 6. She did not dispute that test or result. *Id.* And Alatorre conceded that her base offense level was 38 (carrying a guideline sentence range of 135–168 months) but argued that the Court should vary downward in favor of a base offense level of 36 (108–135 months). *Id.* Alatorre was sentenced to ninety months, which represents a significant downward departure from either range. And there are stringent limits on the ability of incarcerated persons to file "second" or "successive" motions under § 2255. *See Castro v. United States*, 540 U.S. 375, 382–83. Better to give Alatorre an opportunity to file a motion directed specifically at § 2255.

**ORDER**

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED THAT** Defendant Alba Haydee Alatorre's motion for compassionate release [ECF No. 226] is **DENIED** without prejudice.

Date:  April 13, 2023

s/ Eric C. Tostrud
Eric C. Tostrud
United States District Court