UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| United States of America, | File No. 19-cr-61(1) (ECT) |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| Alba Haydee Alatorre, | |
| Defendant. | |

---

Defendant Alba Haydee Alatorre has filed two *pro se* motions—a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), ECF No. 229, and a motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255, ECF No. 230.  In 2019, Alatorre pleaded guilty to a single count of conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846.  ECF No. 124 at 1.  In February 2020, she was sentenced to ninety months' imprisonment, followed by two years of supervised release.  ECF No. 183 at 1–3.  Alatorre is currently in the custody of the Federal Bureau of Prisons at the Federal Detention Center, Honolulu ("Honolulu FDC").  ECF No. 226 at 1.  Her projected release date is August 6, 2025.  *See* Fed. Bureau of Prisons, *Find an Inmate*, https://www.bop.gov/inmateloc/ (last visited July 26, 2023).

Alatorre seeks compassionate release to provide care for her sick, aging mother. ECF No. 229.  This motion will be denied because the factors listed in 18 U.S.C. § 3553(a) weigh against granting her release, she has not established that she is her mother's only available caretaker, and she has not shown that she will be available to care for her mother

if released. In her § 2255 motion, Alatorre argues that an upcoming amendment to the United States Sentencing Guidelines entitles her to a reduced sentence. ECF No. 230. This motion will be denied because it is time-barred.

I

In her compassionate-release motion, Alatorre requests a reduction of her sentence to care for her 78-year-old mother who purportedly is "unable to care for herself and has fallen several times due to her rheumetoid [sic] arthritis, osteoporosis, and other bone ailments," and who must, as a result, be provided with long-term care. ECF No. 229 at 1.

Alatorre has exhausted administrative remedies, allowing her to seek relief in district court. A court may not consider a defendant's motion until "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Alatorre submitted a request for reduction in sentence to the warden on January 13, 2023; the request was denied because Alatorre is under a deportation order to Mexico. ECF No. 229-1 at 5. Alatorre then filed her compassionate-release motion on May 19, 2023. ECF No. 229.

A district court generally "may not modify a term of imprisonment once it has been imposed" except in limited circumstances. 18 U.S.C. § 3582(c). The compassionate-release provision of 18 U.S.C. §3582(c)(1)(A) is one such exception. Upon motion of the defendant, § 3582(c)(1)(A) allows a court to "reduce the term of imprisonment . . . after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are

applicable." *Id.* § 3582(c)(1)(A). A court must find that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* The defendant bears the burden to demonstrate that he or she is entitled to a sentence reduction. *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016). Relevant to Alatorre's request, the Sentencing Commission has recognized particular family circumstances that qualify as "extraordinary and compelling[:]"

> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>
> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

U.S. Sent'g Guidelines Manual ("U.S.S.G.") § 1B1.13, cmt. n.1(C) (U.S. Sent'g Comm'n 2021).

Alatorre's request for compassionate release will be denied. (1) The Sentencing Commission has not recognized the need to care for an ailing parent as an extraordinary and compelling reason that might justify compassionate release. *See id.*; *United States v. Rodd*, 966 F.3d 740, 747–748 (8th Cir. 2020); *cf. United States v. Trapps*, No. 15-CR-00382-JSW-1, 2022 WL 16706710 (N.D. Cal. Nov. 4, 2022). (2) The § 3553(a) factors weigh decidedly against granting the motion. Section 3553(a) directs courts to consider, among other factors,

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct; [and]
>
> (C) to protect the public from further crimes of the defendant[.]

18 U.S.C. § 3553(a).  Alatorre's offense conduct was quite serious considering the drug quantity involved.  Further, despite her contention that her sentence is "unusually long," ECF No. 229 at 1, Alatorre's sentence was well below the applicable guidelines range. ECF No. 184.  (3) Though Alatorre has provided documentation concerning her mother's ailments, ECF No. 241, she has provided no evidence showing that she is her mother's only available caretaker.  Alatorre simply states that her daughter, Heidi Perez, can no longer care for Alatorre's mother "as [Perez] has her own family to take care of."  ECF No. 229 at 1.  Elsewhere, Alatorre claims, "Release would permit me to take care of my parents and my sister, who are all incapacitated."  *Id.* at 2.  Alatorre's father died in May 2016, PSR [ECF No. 143] at 10, and Alatorre provides no evidence regarding her sister's purported incapacity.  (4) Alatorre has not established that she will be available to care for her mother if released, as Alatorre is an illegal alien subject to deportation to Mexico, *see* PSR at 2, 12, and Alatorre's mother resides in California, ECF No. 229 at 1; ECF No. 241. Taken together, these factors warrant denial of Alatorre's motion.

Alatorre briefly argues that there has been an "outbreak of COVID" in her unit at Honolulu FDC which "has posed a risk which may compromise [her] health."  ECF No.

4

229 at 1. She also states that she contracted COVID-19 while incarcerated. *Id.* at 4. Alatorre has failed to show that she has exhausted her administrative remedies with regard to this issue. *See* ECF No. 229-1 at 5. Regardless, a showing of "both a particularized susceptibility" to the virus and "a particularized risk of contracting the disease at [her] prison facility" ordinarily is required for a defendant requesting compassionate release due to COVID-19. *United States v. Muhlenardt*, No. 14-cr-162 (SRN/JJK), 2020 WL 4697112, at *3 (D. Minn. Aug. 13, 2020) (citation and quotation omitted); *see also United States v. Marcussen*, 15 F.4th 855, 858 (8th Cir. 2021) ("[Section 3582(c)(1)(A)] requires an individualized inquiry, not a widespread release of inmates based on the existence of a persistent worldwide pandemic."). Beyond stating that she contracted the disease while incarcerated, Alatorre has not shown that she has suffered any corresponding health issues or residual effects as a result. And there are currently zero open COVID-19 cases at Honolulu FDC. *See Inmate COVID-19 Data*, Fed. Bureau of Prisons, https://www.bop.gov/about/statistics/statistics_inmate_covid19.jsp#lastestCovidData (last visited August 4, 2023). Accordingly, Alatorre's compassionate-release motion will be denied.

II

To support her § 2255 motion, Alatorre argues that an upcoming amendment to the United States Sentencing Guidelines—currently scheduled to take effect on November 1, 2023—provides her with a basis for relief. ECF No. 230 at 1. She claims that under the amended guidelines she would not be assigned a 4-level increase due to her criminal history, which would in turn reduce her applicable guideline range. *Id.*; *see* 88 Fed. Reg.

5

28254, 28271 (May 3, 2023) (to be codified at U.S.S.G. § 4C1.1).  At sentencing, it was determined that Alatorre's total offense level was 33, that her criminal history category was I, and that the corresponding guideline range was 135 to 168 months.  ECF No. 184 at 1.  Alatorre was sentenced to 90 months' imprisonment.  ECF No. 183.  Alatorre believes that a 4-level decrease would entitle her to a 24-month sentence reduction, which would result in a 66-month sentence.  ECF No. 230 at 1.

There are multiple problems with this motion.  The first is timeliness.  Section 2255(f) provides:

> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).  Alatorre has not invoked any unconstitutional government impediment, nor asserted a right newly recognized by the Supreme Court.  Alatorre has also not alleged any new facts, as a change in law is not considered a fact for purposes of

6

§ 2255(f)(4).  *E.J.R.E. v. United States*, 453 F.3d 1094, 1097–98 (8th Cir. 2006).  As a result, the operative date is the date on which the judgment of conviction became final under § 2255(f)(1).  Alatorre's sentencing judgment was entered on February 21, 2020.  ECF No. 183.  Alatorre's judgment of conviction became final on or about March 6, 2020, when the time expired for her to file a notice of appeal, *Anjulo-Lopez v. United States*, 541 F.3d 814, 816 n.2 (8th Cir. 2008); Fed. R. App. P. 4(b)(1), meaning well over a year had passed by the time she submitted her § 2255 motion in May 2023, ECF No. 230.  Thus, Alatorre's § 2255 motion is time-barred.

Moreover, defendants "looking to argue that they have been 'sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission' must invoke 18 U.S.C. § 3582(c), not § 2255."  *United States v. Bazaldua*, No. 06-cr-0100 (JNE/JSM), 2016 WL 5858634, at *2 (D. Minn. Oct. 5, 2016).  Notably, Alatorre cites § 3582(c)(2) in her § 2255 motion.  *See* ECF No. 230 at 1.  Yet § 3582(c)(2) only applies where "a sentencing range . . . has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)."  18 U.S.C. § 3582(c)(2).  That has not happened, as the November 1, 2023 effective date is still months away.[1]  *See United States v. Brummett*, No. 4:21-CR-3080, 2023 WL 3319713, at *1 (D. Neb. May 9, 2023).  Further, the retroactive effect of the amendment has not yet been finalized.  *See Public Hr'g on Retroactivity*, U.S. Sent'g Comm'n, https://www.ussc.gov/policymaking/

---

[1]  Alatorre's § 2255 motion is drafted as if November 1, 2023, had occurred.  *See* ECF No. 230 at 1 ("On May 1, 2023, the United States Sentencing Commission submitted to Congress amendments to the sentencing guidelines and official commentary, which became effective on November 1, 2023.").  It has not.

meetings-hearings/public-hearing-july-19-2023 (last visited August 4, 2023). Accordingly, Alatorre's § 3582(c)(2) argument fails.

In her reply brief, Alatorre seemingly abandons her § 2255 argument, and instead requests that her § 2255 petition be construed as a petition for a writ of mandamus. ECF No. 240. This argument fares no better. Mandamus relief is available only in extraordinary situations, in which the petitioner can establish (1) a clear and indisputable right to the relief sought, (2) that the respondent has a nondiscretionary duty to honor that right, and (3) there is no other adequate remedy. *Mitchael v. Colvin*, 809 F.3d 1050, 1054 (8th Cir. 2016). As the guidelines amendment has not taken effect, Alatorre has failed to establish a clear and indisputable right to the relief sought.

District Courts possess authority to issue certificates of appealability for proceedings under § 2255. *Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a proceeding under section 2255." 28 U.S.C. § 2253(c)(1). Moreover, "[a] certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing is "a showing that the issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994). Alatorre's § 2255 motion is without merit, and she has raised no issues that warrant further proceedings. As such, she has not made the "substantial showing of

the denial of a constitutional right" necessary for the issuance of a certificate of appealability.

## ORDER

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED** that:

1. Defendant Alba Haydee Alatorre's Motion for Compassionate Release from Custody [ECF No. 229] is **DENIED**.

2. Alatorre's Motion to Vacate under 28 U.S.C. § 2255 [ECF No. 230] is **DENIED**.

3. No certificate of appealability shall issue.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date:  August 4, 2023                            s/ Eric C. Tostrud
                                                 Eric C. Tostrud
                                                 United States District Court